Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Mary Grace Dullas

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Mary Grace Dullas<br><br>    Plaintiff,<br><br>v.<br><br>Springleaf Financial Services, Inc.;<br>The Law Offices of Todd L. Cramer<br><br>    Defendants. | Case No: 14-cv-00451<br><br>**Plaintiff's Opposition To Defendants' Motion To Compel Arbitration And Dismiss Or Stay Litigation**<br><br>**Date: May 19, 2014**<br>**Time: 9:00 a.m.**<br>**Dept.: 1**<br><br> **Hon. Jesus G. Bernal** |
|---|---|

I.   INTRODUCTION

It is well-known that forced arbitration is often unconscionable in consumer agreements.  It forces upon unknowing consumers a process that heavily favors businesses, and heavily prejudices consumers.  Defendants here now hope to aggravate this injury to consumers by arguing that these businesses can sue consumers in state court, but when a lawsuit is filed against them in return, change their position and claim an arbitration agreement exists when it does not.  In reality here, Defendants have gone so far as to make numerous misrepresentations to this court in their effort to force arbitration on the plaintiff when no arbitration agreement even exists.

II.  ARGUMENT

A.   PLAINTIFF OPPOSES ANY ARBITRATION IN THIS MATTER BECAUSE THERE IS NO ARBITRATION AGREEMENT AT ISSUE HERE.

Defendants previously sued Plaintiff (Dullas) in a pending state court for an account stated cause of action.  See Plaintiff's Exhibit A, attached.  In this action, Defendants alleged that "within the last four years," an account was stated in writing by and between [Dullas] and [Springleaf Financial Services, Inc.] in which it was agreed that [Dullas] was indebted to [Springleaf Financial Services, Inc.] *Plaintiff's Exhibit A, page 5*.  In summary, Defendants allege in state court that Dullas and Defendants have agreed to an account stated between them.

Because an account stated is a new contract with new terms that replaces any previous contract between the parties, the previous contract and an account stated cannot coexist as the latter replaces the former.  *S.O.S., Inc. v. Payday, Inc.*, 886 F. 2d 1081, 1091 (9th Cir. Cal. 1989) ("[E]ven assuming *arguendo* that S.O.S. breached the contract, this would not affect the result.  Under California law, an account stated is a new contract, and an action on it is not based on the original contract, but on the balance confirmed by the parties." [citation omitted]; See also, *Mercantile Trust Co. v. Doe*, 26 Cal. App. 246, 252 (Cal. App. 1914) ("An account

1 stated requires that there be an agreement, expressed or implied, that the balance is
2 correct and this agreement constitutes a new contract which takes the place of the
3 original contract whether open or closed."). An account stated discharges any
4 previous contract. *R.E. Tharp v. Miller* 261 Cal App 2d 81, 84 (1968) ("It is
5 elementary that an account stated is an express or implied agreement between a
6 debtor and his creditor that a certain sum shall be paid and accepted in discharge of
7 the debtor's obligation."). It is a compromise that adjusts differences between the
8 contracting parties. *Gardner v Watson* 170 Cal 570, 574 (1915) ("The action upon
9 an account stated is not upon the original dealings and transactions of the parties....
10 It is upon the new contract by and under which the parties have adjusted their
11 differences and reached an agreement.").

12 Here Defendants alleged in their state action that an account stated exists
13 between Defendants and Dullas. *Plaintiff's Exhibit A, page 5*. "A judicial
14 admission (by affirmative allegation in a pleading) is a conclusive concession of the
15 truth of the matter admitted." (*Kirby v. Albert D. Seeno Construction Co.* (1992) 11
16 Cal. App. 4th 1059, 1066, fn. 4 [14 Cal. Rptr. 2d 604].) *Prilliman v. United Air
17 Lines, Inc.*, 53 Cal. App. 4th 935, 961 (Cal. App. 2d Dist. 1997).

18 Consequently through this judicial admission by Defendants in their state
19 court action, Defendants have admitted that the contract that was previously formed
20 between Defendants and Dullas was thereafter waived, and as the Ninth Circuit has
21 stated, "[E]ven assuming arguendo that [a party] breached the contract, this would
22 not affect the result," as the issue is the new contract. *S.O.S., Inc. v. Payday, Inc.*,
23 886 F.2d 1081, 1091 (9th Cir. Cal. 1989). Further, Dullas agrees with the
24 defendants that any agreement she has with Springleaf Financial Services, Inc. is in
25 the form of an account stated, and that any previous contract between Dullas and
26 Springleaf Financial Services, Inc. took the place of the original contract. *See
27 attached Declaration of Mary Grace Dullas, ¶ 6-7*.

28

**B.   THE ACTIONS OF DEFENDANTS HERE SUPPORTS THE ARGUMENT OF DULLAS.**

The fact that there is no contract, and subsequently no arbitration agreement between the parties, is further bolstered by the fact that when the defendants decided to pursue Dullas on the alleged debt, Defendants chose, not arbitration, but a state court lawsuit.  The reason for this should be obvious; Defendants did not believe arbitration was available to them when they filed their state action on December 17, 2013.  See Plaintiff's Exhibit A - Page 1, attached.  Making matters worse, Defendants now try to diminish this here by falsely claiming in their motion, in footnote 1, that "Springleaf has moved to compel arbitration in that case."

> A related action is currently pending in Superior Court for the State of California, County of San Bernardino, entitled *Springleaf Financial Services, Inc. v. Dullas*, Case No. CIVDS1315083. Springleaf filed that lawsuit to collect on a debt owed by Plaintiff. Springleaf has moved to compel arbitration in that case, too, pursuant to the parties' agreement. Springleaf's counsel met and conferred with Borrower's counsel in an effort to secure stipulations to stay both actions and arbitrate them in a consolidated proceeding for the sake of convenience and judicial economy. However, Borrower has refused to stipulate to arbitration, despite her contractual obligations. Declaration of Austin B. Kenney, ¶¶ 4-8.

However, this statement is unsupported by any evidence (such as the state court motion).  The reason no such evidence exists is because this statement to the court is false, deceptive, and misleading.  *To be clear - Defendants have stated to this court that they have previously filed in the state action a motion to compel arbitration when they have not.*  Defendants apparently believe that by making such a false representation, this court with view granting their motion to compel arbitration as exercising judicial economy; but it will not.

Further, even if Defendants were to eventually file such a motion to compel in state court, it would be pointless.  First because, as argued here, no arbitration

agreement exists, and second because by choosing to sue in state court Defendants have waived any ability to arbitrate even if such arbitration clause exists, which as seen above, it does not.

A right to arbitration is waived by bringing a suit on the basic contract itself without seeking arbitration. *Schwartz v. Leibel* (1967, Cal App 2d Dist) 249 Cal App 2d 761, 57 Cal Rptr 831, 1967 Cal App LEXIS 2287, overruled in part *Doers v. Golden Gate Bridge, Highway & Transp. Dist.*, 23 Cal 3d 180, 151 Cal Rptr 837, 588 P2d 1261, 1979 Cal LEXIS 191. Further, once arbitration has been waived by bringing suit on the basic contract, such waiver cannot be revoked. *Id*.

## I. CONCLUSION

Here Defendants sued Dullas in state court rather than arbitration because they knew the previous arbitration agreement had been waived with respect to the account stated formed by Springleaf Financial Services, Inc. and Dullas. Now they hope this court will believe some sort of judicial economy will be served because arbitration has already been requested in that state court action, *when it has not*.

For the reasons outlined above, Plaintiff requests this motion by Defendants be denied.

**Hyde & Swigart**

Date: April 23, 2014       By:/s/ Crosby S. Connolly
                           Crosby S. Connolly
                           Attorneys for Plaintiff