# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-0451 JGB (DTBx)** | Date | May 13, 2014 |
|---|---|---|---|
| Title | *Mary Grace Dullas v. Springleaf Financial Services, Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order GRANTING Defendants' Motion to Compel Arbitration and Dismiss or Stay Litigation (Doc. No. 9) and VACATING the May 19, 2014 Hearing (IN CHAMBERS)

Before the Court is Defendants' Motion to Compel Arbitration and Dismiss or Stay Litigation. (Doc. No. 9.) The Court finds this matter suitable for resolution without a hearing pursuant to Local Rule 7-15. After considering all papers submitted in support of and in opposition to the Motion, the Court GRANTS Defendants' Motion to Compel Arbitration and Dismiss or Stay Litigation. The May 19, 2014 hearing is VACATED.

## I.   BACKGROUND

### A.  Procedural History

On March 7, 2014, Plaintiff Mary Grace Dullas ("Plaintiff") filed a complaint against Defendants Springleaf Financial Services, Inc. ("Springleaf") and The Law Offices of Todd L. Cramer ("Cramer") (collectively, "Defendants"). (Doc. No. 1.) On March 28, 2014, Plaintiff filed a First Amended Complaint ("FAC") against Defendants, alleging claims for violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. (Doc. No. 8.)

On April 14, 2014, Defendants filed a Motion to Compel Arbitration and Dismiss or Stay Litigation. ("Motion," Doc. Nos. 9, 13.) Plaintiff filed an Opposition on April 23, 2014 (Doc. No. 12),[1] and Defendants replied on May 5, 2014 (Doc. No. 15.)

**B. Factual History**

On December 20, 2012, Plaintiff and Springleaf entered into a written contract in which Springleaf agreed to loan money to Plaintiff. ("Loan Agreement," Declaration of Mark Andretich ("Andretich Decl."), Ex. A, Doc. No. 9-5.) The Loan Agreement included an Arbitration Agreement and Waiver of Jury Trial ("Arbitration Agreement"), which provides, in relevant part, that:

- Defendant Springleaf and Plaintiff waive any right to a jury or court trial of all claims and disputes covered by the arbitration agreement;

- Claims and disputes covered by the Arbitration Agreement include all claims and disputes arising out of, in connection with, or relating to the Loan Agreement, including the validity and enforceability of the Arbitration Agreement;

- Claims and disputes covered also include any claim or dispute between Plaintiff and Defendant Springleaf's employees, officers, agents, or directors;

- If Defendant Springleaf becomes a party in any lawsuit with a third party through intervention by Springleaf or a motion, all claims in that lawsuit will be subject to binding arbitration; and

- Defendant Springleaf and Plaintiff have the option to bring a lawsuit in court to seek recovery of the monetary jurisdictional limit of a small claims court, provided that no additional relief other than such recovery is requested in such lawsuit.

(Loan Agreement at 5.)

Plaintiff defaulted on her loan from Springleaf and Springleaf hired Cramer to collect the debt. (Andretich Decl. ¶ 9.) Springleaf filed an action in Superior Court of California, County of San Bernardino, Springleaf Financial Services, Inc. v. Dullas, Case No. CIVDS1315083. (Declaration of Austin B. Kenney ("Kenney Decl.") ¶ 5.) Default judgment was entered in Springleaf's favor on February 26, 2014. (Id.)

---

[1] Plaintiff requests that the Court take judicial notice of Defendant Springleaf's complaint against Plaintiff in the pending state court action. ("RJN," Doc. No. 12-3.) The Court may take judicial notice of the existence of court filings and another court's orders, although the Court may not accept as true the facts found or alleged in such documents. See Peel v. BrooksAmerica Mortg. Co., 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011) (citing Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003)). Thus, the Court takes judicial notice of the Defendant Springleaf's state court complaint.

## II. LEGAL STANDARD[2]

"An agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration.'" Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). As with any other contract dispute, the Court must first look to the express terms of the contract. Id.

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Any party to an arbitration agreement covered by the FAA who is "aggrieved by the alleged . . . refusal of another to arbitrate" a federal district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA further provides that:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in the filling of a vacancy, then upon application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire as the case may require.

9 U.S.C. § 5.

The Supreme Court has noted that the FAA creates a strong federal policy in favor of arbitration. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991) (explaining that Congress enacted the FAA "to reverse the longstanding judicial hostility to arbitration agreements . . . ."); Southland Corp. v. Keating, 465 U.S. 1, 10 (1984) (stating that in enacting the FAA, "Congress declared a national policy favoring arbitration"). Accordingly, in determining whether a specific claim is within the scope of an arbitration agreement, the court must liberally construe the agreement. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). A district court may not review the merits of the dispute when determining whether to compel arbitration. Cox v. Ocean View Hotel, Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). Instead, the FAA limits the district court's role "to determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue." Id. (internal citation and quotation omitted). If a valid arbitration agreement exists, the district court is required to enforce the arbitration agreements according to its terms. Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

Defendants argue that the FAA applies and the arbitration clause covers the dispute at issue. Plaintiff does not dispute Defendants' contention that the arbitration provision contained in the Loan Agreement encompasses the claims pled in the operative complaint. Instead, Plaintiff responds that (1) there is no valid arbitration agreement at issue here because Defendant Springleaf alleged in state court that Plaintiff and Defendant Springleaf agreed to an account stated between them, and (2) even if a valid arbitration agreement exists, Defendants have waived the right to arbitration by bringing its state court action against Plaintiff. (See generally Pl. Opp.)

### A. Motion to Compel Arbitration

#### 1. Valid Arbitration Agreement

In the pending state court action, Defendant Springleaf alleged that Plaintiff became indebted to Springleaf within the last four years because an account was stated in writing by and between Springleaf and Plaintiff in which it was agreed that Plaintiff was indebted to Springleaf. (Pl. RJN, Ex. A.) Plaintiff contends that an account stated is a new contract with new terms that replaces any previous contract between the parties, the Loan Agreement. (Pl. Opp. at 1-2.)

An account stated is "a writing which exhibits the state of account between parties and the balance owing from one to the other, and when it assented to . . . becomes a new contract." See Gardner v. Watson, 170 Cal. 570, 574 (1915); see also S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1091 (9th Cir. 1989) ("Under California law, an account stated is a new contract, and an action on it is not based on the original contract, but on the balance confirmed by the parties.") (citing Gleason v. Klamer, 103 Cal. App. 3d 782, 786-87 (1980)). An account stated claim has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." Zinn v. Fred R. Bright Co., 271 Cal.App.3d 597, 600 (1969).

While an account stated may be a new contract, Plaintiff has not to cited any authority which supports the proposition that the account stated supersedes the original contract on which the account stated is based. Additionally, a party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient, meaning that Defendant Springleaf was entitled to allege claims for both breach of contract and account stated, as it did in the state court action complaint. See F.R.C.P. 8(e)(2). Furthermore, the broad language of the arbitration provision of the loan agreement clearly covers the issues in this action. (See Loan Agreement at 5.) Therefore, the Court finds that the Loan Agreement contains a valid arbitration agreement covering the claims pled in the FAC.

#### 2. Waiver of Arbitration Rights

"An arbitration contract must be enforced according to its terms but is nevertheless subject to state law defenses applicable to all contract disputes under general contract law principles, such as fraud, duress, or unconscionability." Irwin v. UBS Painewebber, Inc., 324 F.

Supp. 2d 1103, 1107 (C.D. Cal. 2004) (citing Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996). "Whether the plaintiffs waived their rights to compel individual arbitration is governed by state law." Biernacki v. Service Corp. Intern., 533 Fed. Appx. 741, 742 (9th Cir. 2013) (citing Cox. v. Ocean View Hotel Corp., 533 F.3d 114, 1124 (9th Cir. 2008)). The Parties appear to agree that California law applies here.

Under California law, a party seeking to prove waiver of a right to arbitration must demonstrate: "'(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 758 (9th Cir. 1988) (quoting Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986)). However, waiver of the right to arbitrate is disfavored because it is a contractual right and the party arguing waiver bears a heavy burden of proof. Id. "One of the ways in which a party may act inconsistent with the right to arbitrate is by taking advantage of judicial discovery procedures not available in arbitration. However, the mere filing of a lawsuit does not result in a waiver. To constitute a waiver, the arbitrable issues must have been litigated on the merits."[3] Irwin v. UBS Painewebber, Inc., 324 F. Supp. 2d 1103, 1110 (C.D. Cal. 2004)(citing Saint Agnes Med. Ctr. v. PacifiCare of Cal., 31 Cal. 4th 1187, 1196, 1201 (2003); Keating v. Superior Court, 31 Cal. 3d 584, 604-05 (1982))(internal citations omitted). Here, there is no indication that the issues in this action have been litigated on the merits and the Court finds that Defendants have not waived their right to arbitration.

Thus, because a valid arbitration agreement exists, and the agreement encompasses the dispute between Plaintiff and Defendants, the Court GRANTS Defendants' Motion to Compel Arbitration.

**B. Motion to Stay or Dismiss Action**

Defendants move for a stay of this action until the arbitration proceeding is completed or, in the alternative, dismissal of the action. The FAA provides that when a court is satisfied that issues involved in a lawsuit are referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, the FAA "requires that the court stay judicial proceedings until the matter has been arbitrated according to the terms of the arbitration agreement." Leicht v. Bateman Eichler, Hill Richards, Inc., 848 F.2d 130, 133 (9th Cir. 1988). Because the Court finds that arbitration is warranted, the Court GRANTS Defendant's request to stay the instant action pending arbitration.

---

[3] Plaintiff only cites to Schwartz v. Leibel, 249 Cal. App. 761 (1967) for the proposition that initiating a lawsuit constitutes a waiver of the right to arbitration. However, the California Supreme Court in Doers v. Golden Gate Bridge, Highway & Transportation Dist., 23 Cal. 3d 180 (1979), specifically disapproved of that holding.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS Defendants' Motion to Compel Arbitration;

(2) STAYS the action pending arbitration. The Parties are ORDERED to file a joint status report every 60 days, with the first joint report due August 4, 2014. The joint status report should inform the Court of any developments in the arbitration proceedings. The Parties are further ORDERED to notify the Court immediately if a final resolution of the claims in this action is reached in arbitration. The Parties may request a status conference to discuss lifting the stay with the Court, if necessary; and

(3) VACATES the May 19, 2014 hearing.

**IT IS SO ORDERED.**